UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Gabriel F. Martinez</u>

    v.                                    Civil No. 12-cv-331-JD

<u>Victor F. Petrenko</u>
<u>and IceCode, LLC</u>

O R D E R

Gabriel F. Martinez brought suit against his former employer, IceCode, LLC, and Victor Petrenko, who founded IceCode and served as Chairman of the Board, seeking payment of wages, overtime compensation, severance benefits, and damages for wrongful termination under state law and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a). Petrenko filed a motion to dismiss for lack of subject matter jurisdiction or in the alternative to dismiss for failure to state a claim under the FLSA and a motion for judgment on the pleadings. When Martinez failed to file an answer to Petrenko's counterclaims, Petrenko moved for default. Martinez objects to all of Petrenko's motions.

I. <u>Motion to Dismiss</u>

In his motion to dismiss, Petrenko asserts that the court lacks subject matter jurisdiction and, alternatively, moves to dismiss Martinez's FLSA claim and asks the court to decline supplemental jurisdiction over the state claims. Martinez

objects to dismissing his FLSA claim and asserts that the FLSA claim provides a basis for subject matter jurisdiction.

   A.  Subject Matter Jurisdiction

A motion to dismiss for lack of subject matter jurisdiction is brought pursuant to Federal Rule of Civil Procedure 12(b)(1). In considering a motion to dismiss for lack of subject matter jurisdiction, the court "accept[s] the well-pled factual allegations in the complaint as true and make[s] all reasonable inferences in favor of the plaintiff." Downing/Salt Pond Partners, L.P. v. Rhode Island & Providence Plantations, 643 F.3d 16, 17 (1st Cir. 2011). In addition, for purposes of determining subject matter jurisdiction, the court may consider other materials, including materials that contradict allegations in the complaint. Id.

Petrenko contends that diversity jurisdiction, under 28 U.S.C. § 1332, is lacking because both Martinez and IceCode are Vermont citizens.[1] Martinez does not dispute the lack of diversity jurisdiction.

Martinez bases federal question jurisdiction, pursuant to 28 U.S.C. § 1331, on his FLSA claim. Petrenko argues that the FLSA claim was "made solely for the purpose of obtaining jurisdiction

---

[1] Because IceCode is a limited liability company, its citizenship is determined by the citizenship of its members. D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 125 (1st Cir. 2011).

and is 'wholly insubstantial and frivolous.'"[2]  Martinez objects to the motion on the ground that an FLSA claim cannot be resolved by a motion to dismiss.

Petrenko's motion presents a procedural tangle.  Motions under Rule 12(b)(1) and Rule 12(b)(6) are distinct and are considered under different standards.  <u>Alberto San, Inc. v. Consego de Titulares del Condominio San Alberto</u>, 522 F.3d 1, 3 (1st Cir. 2008).  All motions under Rule 12(b), however, are to be filed "before pleading if a responsive pleading is allowed."  Petrenko filed his answer to Martinez's complaint on the same day, and before, he filed the motion to dismiss.  Therefore, under the plain terms of Rule 12(b), the motion to dismiss is untimely.

Even if the motion were considered, however, it lacks merit.  "It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject matter jurisdiction, <u>i.e.</u>, the courts' statutory or constitutional <u>power</u> to adjudicate the case."  <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 89 (1998).  To confer jurisdiction, the federal claim need only be colorable.  <u>Alberto San, Inc.</u>, 522 F.3d at 3.  Therefore, "[d]ismissal for lack of subject-matter jurisdiction because of the inadequacy of the

---

[2]Although Petrenko did not provide a citation to authority for the quote, it appears that he intended to quote <u>Bell v. Hood</u>, 327 U.S. 678, 682-83 (1946).

3

federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel, 523 U.S. at 89.

Petrenko argues that Martinez did not allege facts to show a claim under the FLSA. Petrenko challenges the conclusory nature of Martinez's allegations and asserts that Martinez has not alleged either individual or enterprise coverage under the FLSA. For purposes of subject matter jurisdiction, however, Martinez has alleged a colorable federal claim under the FLSA. See Alberto San, Inc., 522 F.3d at 3.

### B. Failure to State a Claim

That part of the motion brought pursuant to Rule 12(b)(6) is also procedurally incorrect because Petrenko filed his answer before moving to dismiss. Fed. R. Civ. P. 12(b). In addition, Petrenko filed his own affidavit, along with eight additional exhibits to support the motion. The motion cannot be considered under Rule 12(b)(6). Fed. R. Civ. P. 12(d).

## II. Motion for Judgment on the Pleadings

On the same day that he filed the motion to dismiss and his answer, Petrenko filed a motion for judgment on the pleadings. In support of the motion, Petrenko argues that Martinez's claim under RSA chapter 275 fails because IceCode is a limited

liability company and veil piercing does not apply, that the breach of contract claim fails because Petrenko was not a party to the contract, that the FLSA claim fails because Martinez did not allege sufficient facts, that the wrongful termination claim fails because only IceCode had authority to terminate Martinez, and that the intentional misrepresentation claim is not pleaded with sufficient particularity.  Martinez objects, arguing that the veil-piercing doctrine supports his claim under RSA chapter 275 and his breach of contract and wrongful termination claims.  He argues that a claim under the FLSA can never be dismissed at the pleading stage and that he adequately pleaded intentional misrepresentation.

Another procedural anomaly arises with respect to this motion.  A motion for judgment on the pleadings may be filed after the pleadings are closed but early enough in the proceeding so as not to delay trial.  Fed. R. Civ. P. 12(c).  Because Petrenko asserted counterclaims against Martinez in the answer filed on the same day as the motion for judgment on the pleadings, the pleadings were not closed at the time the motion was filed.  See Sovereign Bank v. Sturgis, 863 F. Supp. 2d 75, 79-80 (D. Mass. 2012).  In fact, Martinez still has not filed an answer to the counterclaims.  Therefore, the motion for judgment on the pleadings is premature.  See id.

Further, Petrenko relies on his affidavit, submitted with the motion to dismiss, to support dismissal of the FLSA claim for

purposes of the motion for judgment on the pleadings.  As in the case of a motion to dismiss, a motion for judgment on the pleadings cannot be decided based on matters outside the pleadings.  Fed. R. Civ. P. 12(d).  Therefore, even if it were timely filed, the motion for judgment on the pleadings as to at least the FLSA claim is not properly presented.[3]

Given the apparent need for evidentiary support, the motion would be more properly filed as a motion for summary judgment.[4]

III.  Motion for Default

Petrenko moves for entry of default against Martinez on the ground that Martinez failed to file an answer or otherwise respond to Petrenko's counterclaims within the time allowed.  "A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim."  Fed. R. Civ. P. 12(a)(1)(B).

---

[3] If, as Petrenko urges, the FLSA claim is dismissed, the only claim over which the court has original jurisdiction would no longer be in the case.  See § 1331; 28 U.S.C. § 1367(c)(3).  In that event, at this early stage of the litigation, district courts generally decline supplemental jurisdiction over the state law claims.  See, e.g., Marrero-Gutierrez v. Molina, 491 F.3d 1, 7 (1st Cir. 2007).  For that reason, to the extent Petrenko challenges the viability of the FLSA claim, that should be decided before considering the merits of the state law claims.

[4] At one place in his reply, Petrenko refers to the motion as one for summary judgment.  See Document no. 16 at 3.

Petrenko filed his answer to the complaint, which includes two counterclaims against Martinez, on October 31, 2012.

Martinez has not filed an answer to the counterclaims. In his objection to the motion for entry of default, Martinez contends that he was not required to file an answer because Petrenko "closed" the pleadings by filing a motion for judgment on the pleadings. Martinez is mistaken.

Pleadings are listed in Federal Rule of Civil Procedure 7(a). A motion is not a pleading. As is explained above in the context of Petrenko's motion for judgment on the pleadings, the pleadings are not closed for purposes of Rule 12(c) until answers are filed, including answers to counterclaims. Sovereign, 863 F. Supp. 2d at 79-80. Therefore, a motion for judgment on the pleadings cannot and does not close the pleadings or obviate the requirement for an answer.[5]

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Because Martinez

---

[5]Martinez, who is represented by counsel, misinterpreted the standard of review in Conto v. Concord Hosp., Inc., 2000 WL 36935, at *1 (D.N.H. Sept. 10, 1999). There, the court explained that because the defendant filed its answer on the same day that it filed a motion to dismiss, the pleadings were closed, and the motion was treated as a motion for judgment on the pleadings under Rule 12(c). No issue of counterclaims was raised in that case.

did not file an answer within the time allowed, entry of default on the counterclaims is required.

## Conclusion

For the foregoing reasons, Petrenko's motion to dismiss (document no. 9) and motion for judgment on the pleadings (document no. 8) are denied without prejudice to other, procedurally appropriate, motions that may address subject matter jurisdiction or the merits of Martinez's claims.

Petrenko's motion for entry of default (document no. 18) is granted.

The clerk of court shall enter a default against the plaintiff as to the counterclaims pleaded in the answer (document no. 7).

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

December 14, 2012

cc: Benjamin T. King, Esq.
    Martha Van Oot, Esq.