UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Gabriel F. Martinez

      v.                        Civil No. 12-cv-331-JD

Victor F. Petrenko
and Ice Code, LLC


O R D E R

Gabriel F. Martinez brought suit against his former
employer, Ice Code, LLC, and Ice Code's founder and former
chairman of the board, Victor F. Petrenko, alleging claims that
the defendants failed to pay him the wages he was due, breached
their contract with him, violated the Fair Labor Standards Act,
and wrongfully discharged him.[1]  Martinez also alleged that
Petrenko made intentional misrepresentations against him.  In his
answer, Petrenko alleged counterclaims against Martinez for
breach of fiduciary duty and conversion.  When Martinez failed to
file an answer within the time allowed, Petrenko moved for entry
of default pursuant to Federal Rule of Civil Procedure 55(a),
which was granted.

Martinez now moves to set aside the entry of default and to
allow late filing of his answer to Petrenko's counterclaims.

---

[1]The claims against Ice Code, LLC have been dismissed
without prejudice.

Petrenko filed an objection to the motion to set aside entry of default after the time allowed.  Martinez moves to strike the objection because it was not timely filed.  Petrenko filed a response to the motion to strike.

## Discussion

In support of his motion to set aside default, Martinez argues that his failure to file an answer was a good faith mistake which was due to his counsel's misunderstanding of the applicable law, that no prejudice will result from setting aside the default, and that he has a meritorious defense to Petrenko's counterclaims.  Petrenko argues, in his late-filed objection, that Martinez's motion to set aside the default is untimely and that Martinez failed to show good cause to support the motion. Martinez moves to strike the objection as untimely, and Petrenko responds that the objection was prepared timely but was not filed because of an oversight for which counsel takes responsibility.

As a preliminary matter, the default issue in this case highlights mistakes by both counsel and a lack of civility between them, which does little to advance the respective causes of their clients and the work of the court.  Counsel are instructed that whatever animosity may exist between the parties, it is not to become the hallmark of motion practice which is

2

meant to address relevant facts and legal issues in a clear and concise manner.

## A.   Motion to Strike

Petrenko's objection to Martinez's motion to set aside the entry of default was a few days late due to counsel's mistake. Under the circumstances, the late filing is excused.  The motion to strike is denied.

## B.   Motion to Set Aside Entry of Default

"The court may set aside an entry of default for good cause, . . . ."  Fed. R. Civ. P. 55(c).[2]  "There is no mechanical formula for determining whether good cause exists and courts may consider a host of relevant factors" which include, but are not limited to, "(1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented."  Indigo Am., Inc. v. Big Impressions, LLC, 597 F.3d 1, 3 (1st Cir. 2010).  In addition, the court may consider the explanation for the default, the defaulted party's good faith, the amount of money at stake, and

_____

[2]In contrast, a party who seeks to set aside a default judgment must satisfy the requirements of Federal Rule of Civil Procedure 60(b).

3

the timeliness of the motion to set aside default.  <u>Id.</u>  The
defaulted party bears the burden of showing good cause.  <u>Id.</u>

Martinez's default was not willful.  Martinez's counsel
mistakenly believed that an answer to Petrenko's counterclaims
could not be filed because Petrenko's motion for judgment on the
pleadings "closed the pleadings."  As the court explained in the
order issued on December 14, 2012, counsel's view was based on a
misunderstanding of the law.[3]  Therefore, Martinez's failure to
file an answer was a mistake.

Setting aside the default will not prejudice Petrenko at
this early stage of the litigation.  The complaint was filed in
August of 2012, and Petrenko filed his answer and counterclaims
on October 31, 2012.  The parties' proposed discovery plan was

_____

[3]That misunderstanding has carried over into the issues
presented here.  Succinctly put, a motion for judgment on the
pleadings does not "close the pleadings" but is allowed only
after the pleadings are closed by the filing of an answer to the
claims asserted.  Fed. R. Civ. P. 12(c); <u>see also</u> Fed. R. Civ. P.
7 (distinguishing between pleadings and motions).  In the cases
Martinez cites, a party filed an answer, which closed the
pleadings as to the claims brought in those cases, on the same
day as the party filed a motion to dismiss.  The answer closed
the pleadings as to the claims addressed by the motion so that
the court treated the motion as a motion for judgment on the
pleadings.  In this case, Petrenko filed a counterclaim against
Martinez as part of his answer.  The pleadings with respect to
the counterclaim were not, and could not be, closed unless and
until Martinez filed an answer.  <u>See</u> Fed. R. Civ. P. 7(a).
Therefore, Petrenko's motion for judgment on the pleadings had no
effect on whether the pleadings were closed.

approved on March 12, 2013.  The discovery deadline is months away; the deadline for amendment of pleadings is May 1, 2013, and dispositive motions are not yet due.

Petrenko faults Martinez for not moving for reconsideration of the order granting Petrenko's motion for entry of default.  He further argues that the motion to set aside the entry of default was not promptly filed.  A motion to set aside the entry of default is based on the Rule 55(c) standard so that failure to seek reconsideration has no bearing on Martinez's current motion.  Although Martinez filed the motion to set aside the entry of default almost three months after the default was entered, the delay does not appear to have caused any prejudice.

The actual merits of Martinez's defenses to the counterclaims of breach of fiduciary duty and conversion cannot be assessed in this context.  Petrenko asserts that Martinez is pursuing his claims in this case in bad faith and that he fails to assert any meritorious defense to the counterclaims, focusing on paragraph 20 of Martinez's proposed answer.  Martinez's answer in paragraph 20 does not appear to obviate his defenses, as Petrenko argues.  Martinez provides sufficiently plausible allegations to allow him to plead his defenses.

<u>Conclusion</u>

For the foregoing reasons, the plaintiff's motion to strike (document no. 28) is denied.  The plaintiff's motion to set aside entry of default (document no. 24) is granted.

The entry of default (document no. 21) against the plaintiff as to the defendant's counterclaims is set aside.

The plaintiff may file his answer to the counterclaims.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

April 4, 2013

cc:  Benjamin T. King, Esquire
     Martha Van Oot, Esquire