UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Gabriel F. Martinez</u>

     v.                          Civil No. 12-cv-331-JD
                                     Opinion No. 2014 DNH 004
<u>Victor F. Petrenko and</u>
<u>IceCode, LLC</u>


<u>O R D E R</u>

Gabriel F. Martinez brought suit against his former employer, IceCode, LLC, and Victor Petrenko, who founded IceCode and served as chairman of IceCode's board, seeking payment of wages, overtime compensation, severance benefits, and damages for wrongful termination under state law and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a).  Petrenko moves for summary judgment on Martinez's FLSA claim, arguing that Martinez cannot show enterprise coverage, as required by § 207(a), and asking the court to decline supplemental jurisdiction over the state law claims.  Martinez objects on the grounds that factual disputes preclude summary judgment on his FLSA claim and argues that even if the FLSA claim were dismissed, diversity jurisdiction exists or, alternatively, the court should not decline supplemental jurisdiction.


<u>Standard of Review</u>

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ.

P. 56(a).  "A genuine issue is one that can be resolved in favor
of either party, and a material fact is one which has the
potential of affecting the outcome of the case."  <u>Jakobiec v.
Merrill Lynch Life Ins. Co.</u>, 711 F.3d 217, 223 (1st Cir. 2013)
(internal quotation marks omitted).  In deciding a motion for
summary judgment, the court draws all reasonable factual
inferences in favor of the nonmovant.  <u>Kenney v. Floyd</u>, 700 F.3d
604, 608 (1st Cir. 2012).


<u>Background</u>

Petrenko founded IceCode, originally Ice Engineering, LLC,
in 2001, in Lebanon, New Hampshire.  In the complaint, Martinez
describes IceCode as being "engaged in research and development
of intellectual property for so long as the entity existed."
Compl. ¶ 7.  IceCode's "Limited Liability Company Operating
Agreement" states that the purposes of the company were:

> to develop, improve, license, and commercially apply
> ice friction modification technology and other
> technologies developed and/or acquired that provide
> significant cost savings, energy savings, or otherwise
> provide better reliability and safety for consumers and
> manufacturers; to develop, market, offer, sell, license
> and promote products and services related to such
> technology and to engage in all ancillary activities
> directly or indirectly related to such purposes.

Agreement, § 2.5.

From March 1, 2010, to March 1, 2011, Petrenko was the Chief
Technology Officer at IceCode and chairman of its board of
directors.  In February of 2010, Martinez became Chief Operating

2

Officer of IceCode.  During that time, Roman Zhigalov and then
Sam Fairchild were Chief Executive Officer.[1]

The terms of Martinez's employment at IceCode were governed
by an agreement which was titled "Executive Agreement."  The
Executive Agreement was amended after Martinez complained about
his compensation in July of 2010.  Martinez left IceCode in May
of 2011 because he was not being compensated in the amount that
he believed had been promised.

Martinez filed this action in August of 2012.  Petrenko
moved to dismiss Martinez's FLSA claim for lack of subject matter
jurisdiction or in the alternative for failure to state a claim
and filed a motion for judgment on the pleadings.  Petrenko also
moved for default against Martinez on Petrenko's counterclaim.

In support of the jurisdictional challenge, Petrenko argued
that diversity jurisdiction under 28 U.S.C. § 1332 was lacking
and that federal question jurisdiction under 28 U.S.C.
§ 1331 was lacking because the FLSA claim was "insubstantial and
frivolous."[2]  The court denied the motion to dismiss as untimely,
because it presented a procedural tangle of jurisdictional issues
under Federal Rule of Civil Procedure 12(b)(1) and a challenge on
the merits under Rule 12(b)(6), and because Martinez presented a
colorable claim under the FLSA.  The court concluded that the

---

[1]Zhigalov apparently was Chief Executive Officer of IceCode
beginning in 2008 and then designated Fairchild to serve in that
position.  Zhigalov may have again been Chief Executive Officer
in 2011.

[2]IceCode had not yet been dismissed from the case.

motion for judgment on the pleadings was premature and that the
issues should be addressed by a motion for summary judgment.

Default was entered against Martinez on the counterclaim but
was later cured.  On January 18, 2013, the claims against IceCode
were dismissed without prejudice, due to Martinez's failure to
file a return of service or a motion to extend time to effect
service.  Therefore, IceCode is no longer a party in this action.

Discussion

Petrenko seeks summary judgment in his favor on Martinez's
FLSA claim for overtime wages on the ground that Martinez cannot
show that IceCode was a covered employer under the FLSA.  In
addition, Petrenko asks the court to decline supplemental
jurisdiction over Martinez's state law claims after the FLSA
claim is dismissed.  In response, Martinez argues that factual
disputes exist as to whether IceCode was a covered employer under
the FLSA, that he was a covered employee under the FLSA, and that
even if the FLSA act claim were dismissed, diversity jurisdiction
now exists because IceCode has been dismissed and the court
should not decline supplemental jurisdiction over the state law
claims.

A.  FLSA

Section 207(a) prohibits employers from having employees
work for longer than forty hours per week without overtime pay
when the employees are "engaged in commerce or in the production

of goods for commerce" or the employer is "an enterprise engaged in commerce or in the production of goods for commerce."  As such, the FLSA applies only to employment with an adequate connection to commerce.  Alladin v. Paramount Mgmt., LLC, 2013 WL 4526002, at *5 (S.D.N.Y. Aug. 27, 2013); Mathews v. Bronger Masonry, Inc., 772 F. Supp. 2d 1004, 1010-11 (S.D. Ind. 2011).  The commerce requirements under § 207(a) have been termed "individual coverage" and "enterprise coverage."  See Polycarpe v. E&S Landscaping Serv., Inc., 616 F.3d 1217, 1220 (11th Cir. 2010).  To be eligible for overtime compensation under § 207(a), therefore, a plaintiff must prove either individual or enterprise coverage.  Josendis v. Wall to Wall Rsidence Repairs, Inc., 662 F.3d 1292, 1298 (11th Cir. 2011).

Martinez alleged his claim under the FLSA in Count III against both IceCode and Petrenko.  The FLSA claim has been dismissed as to IceCode.  For purposes of the motion for summary judgment, Petrenko does not challenge the allegation that he was Martinez's employer.  Both parties cite IceCode's revenue and activities for purposes of the analysis of Martinez's FLSA claim against Petrenko.  The court will accept the parties' presentations for purposes of the motion for summary judgment only without making any findings or rulings as to whether Petrenko was Martinez's employer and whether the facts pertinent to IceCode may be imputed to Petrenko for purposes of the § 207(a) analysis.

In opposition to summary judgment, Martinez asserts that he is not required to allege or show facts addressing the coverage requirements of § 207(a) to maintain his FLSA claim.[3]  He is mistaken.  To succeed on a claim under § 207(a), a plaintiff must prove that he is a covered employee or that his employer is a covered enterprise.   See, e.g., Falk v. Brennan, 414 U.S. 190, 197-98 (1973); Reagor v. Okmulgee Cnty. Family Res. Ctr., 501 Fed. Appx. 805, 808 (10th Cir. 2012) (holding that plaintiff bears the burden of showing either individual or employer coverage under § 207(a)); Josendis, 662 F.3d at 1298 ("In order to be eligible for FLSA overtime, however, an employee must first demonstrate that he is 'covered' by the FLSA."); Talton v. I.H. Caffey Distributing, Co., 124 Fed. Appx. 760, 764 (4th Cir. 2005) (holding that FLSA overtime compensation applies only to covered employees); Chao v. A-One Med. Servs., Inc., 346 F.3d 908, 914 (9th Cir. 2003) (holding that for FLSA overtime rules to apply plaintiff must be employee within coverage required under § 207(a)); Robinson v. CAS 4000 Kansas LLC, --- F. Supp. 2d ---, 2013 WL 6704840, at *3 (D.D.C. Dec. 16, 2013) (describing coverage requirements under § 207(a)); Boutros v. JTC Painting &

---

[3]Martinez argues in part that because the First Circuit has not had an opportunity to address the coverage requirements under § 207(a), coverage is not an element of a § 207(a) claim in this circuit.  The great weight of authority to the contrary demonstrates the lack of merit in that theory.

Decorating Corp., 2013 WL 5637659, at \*3 (S.D.N.Y. Oct. 15, 2013)
(same); Sandles v. Wright, 2013 WL 5497788, at \*6 (E.D. Tex. Oct.
3, 2013) (same); Pruell v. Caritas Christi, 2013 WL 2420918, at
\*1 (D. Mass. May 31, 2013) ("To state a claim under the FLSA, the
plaintiff must allege that she was employed by the defendants;
that her work involved interstate activity; and that she
performed work for which she was improperly compensated.").  As
an element of a § 207(a) claim, the coverage requirement must
also be pleaded in the complaint.  See, e.g., Reagor, 501 Fed.
Appx. at 808; Cardenas v. Aragon Towers Condominium Ass'n Inc.,
451 Fed. Appx. 898, 900 (11th Cir. 2012); Rummel v. Hughmark,
Inc., 2013 WL 6055082, at \*4 (W.D. Pa. Nov. 15, 2013); Mullins v.
Posh Potties, LLC, 2013 WL 5728105, at \*2 (S.D. Fla. Oct. 22,
2013); Malloy v. Assoc. of State & Territorial Solid Waste Mgmt.
Officials, --- F. Supp. 2d ---, 2013 WL 3835775, at \*4 (D.D.C.
July 26, 2013); Shomo v. Junior Corp., 2012 WL 2401978, at \*3-\*4
(W.D. Va. June 1, 2012); Seeman v. Gracie Gardens Owners Corp.,
794 F. Supp. 2d 476, 483-84 (S.D.N.Y. 2011); Morrow v. JW Elec.,
Inc., 2011 WL 5599051, at \*3 (N.D. Tex. Nov. 16, 2011); Perez v.
Muab, Inc., 2011 WL 845818, at \*3 (S.D. Fla. Mar. 7, 2011).
Therefore, to the extent Martinez opposes summary judgment on the
ground that coverage is not an element of his FLSA claim, that
argument is rejected.

1.   Enterprise Coverage

Petrenko assumed that Martinez was relying on enterprise coverage to support his FLSA claim.[4]  "[A]n enterprise is 'engaged in commerce' for purposes of the FLSA if it (1) 'has employees engaged in commerce or in the production of goods for commerce, or . . . handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person'; and (2) has an 'annual gross volume of sales made or business done [that] is not less than $500,000.'" Alladin, 2013 WL 4526002, at *5 (quoting 29 U.S.C. § 203(s)(1)(A) defining terms used in § 207(a)).

Petrenko asserts, based on a draft of IceCode's income tax return for 2010,[5] that IceCode had gross receipts of $150,000, loans from its partners of $134,764, and a liability owed to "Diversified" in the amount of $500,000.  In response, Martinez contends that IceCode's business transactions during 2010 totaled $719,391.46, based on amounts received by IceCode "from investments, prize money and other sources."  Obj. doc. 36 at 6. Specifically, Martinez lists $250,000 as "Diversified Revenue,"

---

[4]Petrenko previously moved to dismiss Martinez's FLSA claim and for judgment on the pleadings, contending that Martinez did not allege individual coverage and inadequately alleged enterprise coverage.  In response, Martinez argued that he had adequately pleaded enterprise coverage under the FLSA.  Martinez did not raise an issue as to individual coverage in response to either motion.  Based on Martinez's prior arguments, Petrenko assumed that Martinez was not pursuing individual coverage under the FLSA.

[5]Martinez does not challenge the evidentiary sufficiency of the draft income tax return.

$295,600 as "Zhigalov Investment," $100,000 as "GE Prize," $65,000 as "Joyce Investment" and "Topkis Investment," a recovered retainer, and an unknown source.

The employer's corporate income tax returns provide evidence of the volume of sales or business done for purposes of enterprise coverage under § 207(a).  See Polycarpe, 616 F.3d at 1229; Hurtado v. Raly Dev., Inc., 2012 WL 3687488, at *7 (S.D. Fla. Aug. 27, 2013); Lopez v. Pereyra, 2010 WL 335638, at *4 (S.D. Fla. Jan. 29, 2010).  The amounts of loans made to the employer, the amounts of investments in the company, and internal business transactions do not constitute gross sales or business done.  Polycarpe, 616 F.3d at 1229; Lopez, 2010 WL 335638, at *5; Kaur v. Royal Arcadia Palace, Inc., 643 F. Supp. 2d 276, 291-92 (E.D.N.Y. 2007).

Based on the draft income tax return, IceCode's revenue in 2010 was $150,000.  The investments by Roman Zhigalov, who was an officer of IceCode, cannot be considered to augment that amount. Further, the "Diversified Revenue" of $250,000, claimed by Martinez, appears to have been a loan.  It is not necessary to resolve the nature of Diversified's investment, however, because without the Zhigalov investment amounts, Martinez has not shown a triable issue as to whether IceCode had sales and business in an amount that exceeded $500,000.[6]

---

[6]Martinez asserts that IceCode's transactions totaled $719,391.46 during the relevant period, which included $250,000 from Diversified, not $500,000.

2.  <u>Individual Coverage</u>

Despite his prior arguments based on enterprise coverage, Martinez now asserts that individual coverage under the FLSA also applies.[7]  A plaintiff, however, is "not entitled to raise new and unadvertised theories of liability for the first time in opposition to summary judgment." <u>Calvi v. Knox County</u>, 470 F.3d 422, 431 (1st Cir. 2006); <u>Steeves v. City of Rockland</u>, 600 F. Supp. 2d 143, 179 (D. Me. 2009).  Therefore, unless individual coverage was alleged in the complaint, Martinez cannot now rely on that theory to avoid summary judgment.  <u>See</u> <u>Rowe v. Liberty Mut. Group, Inc.</u>, 2013 WL 6384805, at *16 (D.N.H. Dec. 6, 2013).

In Count III of the complaint, the FLSA claim, Martinez included allegations directed toward enterprise coverage in paragraph 57.  He did not plead any facts that address an individual coverage theory.  Therefore, Martinez cannot avoid summary judgment based on a new and unadvertised theory of individual coverage.  Further, even if individual coverage had been pleaded, it is far from clear that Martinez could avoid summary judgment based on that theory.

---

[7]Petrenko asserts that Martinez is judicially estopped from raising individual coverage based on his arguments in opposition to Petrenko's motion to dismiss and motion for judgment on the pleadings.  Although Martinez did not raise individual coverage previously, he did not disavow individual coverage or rely on arguments directly contrary to individual coverage.  For that reason,  his position now, invoking individual coverage, is not directly inconsistent with previous arguments, and judicial estoppel does not apply.  <u>See</u> <u>Boston Gas Co. v. Century Indem. Co.</u>, 708 F.3d 254, 261 (1st Cir. 2013).

3.   Summary

Because Martinez did not plead individual coverage and has not shown a triable issue as to enterprise coverage for his FLSA claim under § 207(a), Petrenko is entitled to summary judgment on Martinez's FLSA claim, Count III.

B.   Jurisdiction

With the dismissal of Martinez's FLSA claim, the jurisdictional basis for this case under 28 U.S.C. § 1331 no longer exists.  In this situation, the court may decline to exercise supplemental jurisdiction over the remaining state law claims.  28 U.S.C. § 1367(c)(3).  Petrenko urges this result here.  Martinez asks the court to retain supplemental jurisdiction and argues that diversity jurisdiction now exists, following the dismissal of IceCode, making supplemental jurisdiction unnecessary.

1.   Diversity Jurisdiction

The general rule is that jurisdiction is determined at the time the complaint is filed.  Garcia Perez v. Santaella, 364 F.3d 348, 350-51 (1st Cir. 2004).  An exception exists for purposes of diversity jurisdiction, 28 U.S.C. § 1332, when a jurisdictional defect is cured under Federal Rule of Civil Procedure 21 by dismissing the party that destroyed complete diversity.  See Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 572-73 (2004).  In that event, the court may proceed under diversity

11

jurisdiction after dismissing the nondiverse party, despite the
lack of complete diversity at the time the complaint was filed.
Id.; see also Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S.
826, 832 (1989) ("[I]t is well settled that Rule 21 invests
district courts with authority to allow a dispensable nondiverse
party to be dropped at any time, even after judgment has been
rendered.").

Martinez relies on two cases, in support of diversity
jurisdiction, in which the courts found diversity existed after
nondiverse parties were dismissed.  See Collins v. Franklin, 142
F. Supp. 2d 749, 751 (W.D. Va. 2000) (nondiverse defendants
dismissed pursuant to settlement); Continental Data Sys., Inc. v.
Exxon Corp., 638 F. Supp. 432, 441 (E.D. Pa. 1986) (holding that
early dismissal of nondiverse defendants cured defects in
diversity jurisdiction).  In addition, the Second Circuit has
held that diversity jurisdiction existed prior to final judgment
because summary judgment previously had been granted in favor of
the nondiverse defendants, which eliminated them from the case.
Brown v. Eli Lilly & Co. 654 F.3d 347, 356-57 (2d Cir. 2011).

IceCode, the nondiverse defendant in this case, has been
dismissed without prejudice because Martinez did not file a
return of service within the time allowed.  Martinez and
Petrenko, the remaining parties, are citizens of different
states.  Therefore, based on the circumstances presented here,
diversity jurisdiction exists in this case.

"Federal courts, it was early and famously said, have 'no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given.'" <u>Sprint Commc'ns, Inc. v. Jacobs</u>, 134 S. Ct. 584, 590-91 (2013) (quoting <u>Cohens v. Virginia</u>, 6 Wheat. 264, 404 (1821)).  Because diversity jurisdiction exists in this case, the dismissal of the FLSA claim does not affect jurisdiction.

2.  <u>Supplemental Jurisdiction</u>

The question of supplemental jurisdiction is moot.

<u>Conclusion</u>

For the foregoing reasons, the defendant's motion for summary judgment (document no. 33) is granted to the extent that the plaintiff's claim under the FLSA, Count III, is dismissed, and is otherwise denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

January 13, 2014

cc: Benjamin T. King, Esq.
    Martha Van Oot, Esq.